

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 12, 1962

Honorable Jack Fields
County Attorney
Calhoun County
Port Lavaca, Texas

Dear Mr. Fields:

Opinion No. WW-1258

Re: Whether the state 2 per cent
sales tax applies to material
and supplies purchased by con-
tractors to be incorporated
in public buildings under a
"Lump Sum" contract.

You have asked this office for an opinion as to whether or
not the state limited sales, excise and use tax applies to
materials and supplies purchased by contractors from material
suppliers, such materials and supplies to be incorporated into
a public building, to-wit, a county hospital. You state that
Calhoun County has voted $700,000 in tax bonds for an expansion
of the hospital. In response to a telephone inquiry, you stated
that all of the bids were in "lump sum", that is, one price
was submitted for all labor and materials.

This act, commonly known as the Texas Sales Tax Act, was
enacted by the 57th Legislature, First Called Session, and
became effective on September 1, 1961. The act is Article I
of House Bill No. 20, to be codified in Chapter 20, Title 122A,
Taxation-General, V.C.S., as Articles 20.01 to 20.17, inclusive.

Article 20.02 of the Act reads in part as follows:

> "There is hereby imposed upon each separate
> sale at retail of tangible personal property
> made within this State a limited sales tax
> at the rate of two per cent (2%) of the sale
> price of each item or article of tangible
> personal property when sold at retail in
> this State.
>
> "(A) Method of Collection and Rate of
> Limited Sales Tax. The tax hereby imposed
> shall be collected by the retailer from the
> consumer."

Article 20.03 of the Act reads in part as follows:

> "An excise tax is hereby imposed on the
> storage, use or other consumption in this
> state of tangible personal property purchased,

leased or rented from any retailer on or after September 1, 1961, for storage, use or other consumption in this State at the rate of two per cent (2%) of the sales price of the property or, in the case of leases or rentals, of said lease or rental prices.

"(A) Liability for Use Tax: Extinguishment of Liability. Every person storing, using or otherwise consuming in this State tangible personal property purchased from a retailer or leased or rented from another person for such purpose is liable for the tax. His liability is not extinguished until the tax has been paid to this State, except that a receipt from a retailer maintaining a place of business in this State or from a retailer who is authorized by the Comptroller, under such rules and regulations as he may prescribe, to collect the tax and who is, for the purposes of this Chapter relating to the use tax, regarded as a retailer maintaining a place of business in this State, given to the purchaser pursuant to paragraph (B) of this Article is sufficient to relieve the purchaser from further liability for the tax to which the receipt refers."

Paragraph (F) of Article 20.04 of the Act reads in part as follows:

"There are exempted from the computation of the amount of the taxes imposed by this Chapter, the receipts from the sale, lease or rental of any tangible personal property to, or the storage, use or other consumption of tangible personal property by:

". . .

"(4) Any county, city, special district or other political subdivision of this State.

". . . . "

Article 20.04 (F) (4) of the act states that counties, cities, special districts and other political subdivisions of this State are "exempted from the computation of the amount of the taxes imposed by this Chapter." It is plain that under the

language of the above cited provision, a purchase by the county itself of materials and supplies to be afterward incorporated into a county public building is exempt from the tax.

But what if the contractor buys the material and supplies to be incorporated into a building for an exempt agency under a "lump sum" contract?  What did the Legislature mean by Article 20.01 (T) of the act, which reads as follows:

> "(T)  Contractor or Repairman.  'Contractor' or 'Repairman' shall mean any person who performs any repair service upon tangible personal property or who performs any improvement upon real estate, and who, as a necessary and incidental part of performing such services, incorporates tangible personal property belonging to him into the property being so repaired or improved.  Contractor or repairman shall be considered to be the consumer of such tangible personal property furnished by him and incorporated into the property of his customer, for all of the purposes of this Chapter.

> "(1)  The above provision shall apply only if the contract between the person performing the services and the person receiving them contains a lump sum price covering both the performance of the services and the furnishing of the necessary incidental material."

The first sentence in the definition quoted in Article 20.01 (T) shows that the Legislature intends to make no distinction between a "contractor" and a "repairman."  The term applies to anyone who:

> (a)  "performs any repair services upon tangible personal property"

> or

> (b)  "performs any improvement upon real estate"

and, "as a necessary and incidental part of performing such services, incorporates tangible personal property belonging to him into the property being so repaired or improved."

Does a construction contractor who undertakes to construct a building for his customer under a "lump sum" contract fall within this definition?  We hold that he does, because

he "performs an improvement upon real estate," to-wit, he constructs a building on the land; and "as a necessary and incidental part of performing such services, incorporates tangible personal property belonging to him into the property being so repaired or improved," to-wit, lumber, brick or stone, plumbing materials, wiring, plaster, tile, etc.

It has been suggested that paragraph (T) of Article 20.01 of the act, in its definition of "Contractor" or "Repairman" is not referring to a "construction" contractor, who constructs buildings, roads, bridges and other structures affixed to the land, but should be limited to repairmen only, who repair tangible personal property or who make repairs to existing structures affixed to the land. The statute, however, makes no such distinction. Included in the definition is one "who performs any improvement upon real estate." Article 20.01 (T), supra. An "improvement" to real estate has been held to include the erection of a house upon land, Murphy v. Williams, 103 Tex. 155, 124 S.W. 900 (1910); a tramway for a mining company, A. Leschen & Sons Rope Co. v. Moser, 159 S.W. 1018 (Civ.App. 1913); pavement for a street in front of a city lot, Texas Bitulithic Co. v. Warwick, 293 S.W. 160 (Com.App., 1927); and a storm sewer for a street, City of Beaumont v. Priddie, 64 S.W.2d 434 (Civ.App. 1933, rev. on other grounds, 95 S.W.2d 1290). In Nine Hundred Main, Inc. v. City of Houston, 150 S.W.2d 468 (Civ.App. 1941, error dism., judgm.cor.), the Court was considering how to classify an elaborate air conditioning system which had been installed in a building extending from the basement and throughout five floors of the building, and stated at page 472:

> "In fact, our Texas cases, along with some others, take the view that the term 'improvements' comprehends all additions to the freehold, except 'trade fixtures' which can be removed without injury to the building."

We cannot give the term any narrower meaning.

Note that under the above definition, the contractor is incorporating tangible personal property "belonging to him," that is, to the contractor. The definition goes on to say that the contractor or repairman is the "consumer" of the tangible personal property furnished by him. Under Article 20.03 of the act there is imposed a use tax, and in Section (A) thereof is found the following statement:

> "Every person storing, using or otherwise consuming in this State tangible personal property purchased from a retailer or leased or rented from another person for such purpose is liable for the tax."

Section (A) of Article 20.03 further provides that the consumer's liability to pay the tax is extinguished if he has a receipt from a retailer with a place of business located in Texas, or a retailer who has been issued a permit by the Comptroller.

Section (1) of paragraph (T), Article 20.01, states that the preliminary statement in paragraph (T) applies when "the person performing the services," that is, the contractor or repairman, charges the "person receiving them," that is, the customer, a "lump sum price covering both the performance of the services and the furnishing of the necessary incidental material." Section (1) further provides that the rule laid down above applies only to "lump sum" contracts. The problem presented where the contract provides for separate billing for labor and materials is covered in Sections (2) and (3) of Article 20.01, but is not before us at this time.

Applying the foregoing to the bid, or contract resulting therefrom, for the expansion of the county hospital, we hold that since the contract between the construction company and the county provides for lump sum payment, then under the plain language of Article 20.01, paragraph (T), including the preliminary definition, and Section (1) following thereafter, construed with Article 20.03, paragraph (A), the title to the materials and supplies passes from the material supplier to the contractor at the time the contractor purchases them. The contractor, therefore, uses "tangible personal property belonging to him" in performing "an improvement upon real estate" and is the "consumer" of such materials. Since he is the ultimate consumer of such materials, the contractor pays the tax to his supplier. Article 20.01 (T) of the act states that this is the last sale of the materials as such, when such materials are to be used in fulfilling a lump sum contract. Therefore, under a lump sum contract, there is no tax which the contractor can collect from his customer, on the materials furnished; and this would be true with regard to any "lump sum" contract, regardless of who the customer might be.

## S U M M A R Y

A construction contractor, under a contract to construct an expansion to a county hospital, where the contract price is in "lump sum" for all labor and materials, is the ultimate consumer of all materials used in constructing such project, as provided in paragraph (T), and Section 1 thereof, of Article 20.01, Title 122A, Taxation-General, V.C.S. Such contractor must pay the sales tax

on materials and supplies purchased
from his material supplier, and the
contractor cannot collect the tax from
his customer. The county's exempt status
under Section (4), paragraph (F), of
Article 20.04 of the above act will not
inure to the benefit of the contractor
under a "lump sum" contract.

Yours very truly,

WILL WILSON
Attorney General of Texas

By:

Riley Eugene Fletcher
Assistant

REF/cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Marietta McGregor Payne
Martin DeStefano
Elmer McVey
Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.